UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEAN PIOVANETTI,

        Plaintiff,

    v.                                          Case No. 23-CV-1619

WENDY LEMKUIL, et al.,

        Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Jean Piovanetti, who is representing himself, is proceeding on claims against Deputy District Attorney Wendy Lemkuil, Sheriff Todd Delain, Captain Heidy Michel, Corporal Matthew West, and Corporal Zachary Bergh in connection with allegations that they conspired to restrict access to his attorney and deny him due process at the Brown County Jail between November 30, 2020 and December 2, 2020. Dkt. No. 18 at 16. The case was reassigned to this Court based on the parties' consent to magistrate judge jurisdiction on October 28, 2024. Dkt. No. 42. Discovery closes April 15, 2025; and dispositive motions are due May 15, 2025. Dkt. No. 43. This matter comes before the Court on Plaintiff's motion to appoint counsel and "motions for reconsideration." Dkt. Nos. 24, 33, & 36.

      In his motion to appoint counsel, Plaintiff explains that he is unable to afford counsel; his imprisonment will greatly limit his ability to litigate the case; the issues in the case are "complex;" this case requires "investigation;" he has limited knowledge of the law; and a trial in this case will likely involve conflicting testimony. Dkt. No. 24, ¶¶1-3. Plaintiff also states that he attempted to secure counsel on his own to no avail. *Id.*, ¶4.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). The Court may also consider the merits and what is at stake when deciding whether to allocate scarce pro bono counsel resources. *Watts v. Kidman*, 42 F.4th 755, 765 (7th Cir. 2022). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). In this district, Plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Id.* When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v.*

*Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-91. The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.

As for the merits of the case and what is at stake, the Court considers the claims the inmate has asserted, the extent of damage or harm he claims to have sustained, and, to the extent it appears from the record, the evidence supporting the allegations. *Watts*, 42 F.4th at 766. At the same time, the Court must be careful in assessing the merits at the early stages of litigation and remain mindful of the fact that the plaintiff is not an attorney and may have difficulty communicating the facts giving rise to his claim and the extent of his injuries. *Id*.

The Court is satisfied that Plaintiff made reasonable attempts to recruit counsel on his own. *See* Dkt. No. 24-1. But the Court will not recruit counsel at this time. Plaintiff does not explain why he believes this case is too "complex" for him to handle on his own and his conclusory allegation of complexity is not enough to recruit counsel. Further, Plaintiff's inability to afford counsel, lack of legal knowledge, and incarceration also are not enough to recruit counsel. These circumstances are true for most, if not all, *pro se* prisoner litigants and is precisely why the Seventh Circuit noted that "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Henderson*, 755 F.3d at 564. To the extent Plaintiff is worried about investigating the case, he should review

the guide sent to him with the screening order, along with the scheduling order, for helpful information on how to conduct discovery to investigate the case. *See* Dkt. Nos. 15 & 43. Under Federal Rule of Civil Procedure 33, Plaintiff may serve interrogatories (written questions) to clarify Defendants' version of the facts. Similarly, Rule 34 permits Plaintiff to ask for documents that Defendants may have in their possession that is relevant to the issues in this case. And, under Rule 36, Plaintiff may serve requests for admissions to narrow down what is at dispute. Finally, Plaintiff need not yet worry about conflicting testimony at trial. If this case survives summary judgment, the Court will reconsider recruitment of counsel for trial. At this time, the Court does not believe that the case is too complex for Plaintiff to handle on his own. Therefore, the Court will deny Plaintiff's motion to recruit counsel without prejudice.

In his "motions for reconsideration," Plaintiff states that Defendant Lemkuil has refused to waive service of the summons. *See* Dkt. Nos. 33 & 36. However, Defendant Lemkuil has already been served with and answered the complaint, *see* Dkt. Nos. 38 & 40, and it is unclear what Plaintiff wishes for the Court to "reconsider" regarding that issue. The Court will deny the motions for reconsideration as vague and unnecessary.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 24) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for reconsideration (Dkt. Nos. 33 & 36) are **DENIED**.

Dated at Milwaukee, Wisconsin on November 7, 2024.

STEPHEN C. DRIES
United States Magistrate Judge